WALTER SMITH V STATE






 NO. 07-97-0373-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 29, 1998



______________________________




JOE LEE MACKEY, APPELLANT



V. 


THE STATE OF TEXAS, APPELLEE


_________________________________



ABATEMENT AND REMAND

_______________________________


FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 97-424181; HONORABLE JIM B. DARNELL, JUDGE



_______________________________



Before BOYD, C.J., and DODSON and REAVIS, JJ. 

 From a not guilty plea, appellant Joe Lee Mackey, was
convicted of possession with intent to deliver more than four grams
but less than 200 grams of cocaine. The jury assessed his
punishment at fifteen years confinement in the Texas Department of
Criminal Justice, Institutional Division. Appellant timely filed
his notice of appeal. 

 The clerk's record was filed on December 30, 1997, and the
reporter's record was filed on January 29, 1998. Appellant is
represented by appointed counsel in this appeal. We granted
appointed counsel three extensions to file appellant's brief, the
last being due on May 26. 

 On July 8, this Court informed the district attorney and
appellant that the appellant's brief was due on May 26, and yet no
brief had been filed. The Court further advised them that the
appeal would be abated and the cause remanded for a factual hearing
unless appellant filed with this Court, within ten (10) days, a
response satisfactorily explaining the absence of the brief. Tex.
R. App. P. 38.8(b). No such response has been received. 

 Accordingly, we abate the appeal and remand the case to the
trial court for proceedings under Rule 38.8(b). In pertinent part,
this rule provides:

 (1) Effect. An appellant's failure to timely file a
brief does not authorize either dismissal of the appeal
or, except as provided in (4), consideration of the
appeal without briefs. 

 (2) Notice. If the appellant's brief is not timely
filed, the appellate clerk must notify counsel for the
parties and the trial court of that fact. If the
appellate court does not receive a satisfactory response
within ten days, the court must order the trial court to
immediately conduct a hearing to determine whether the
appellant desires to prosecute his appeal, whether the
appellant is indigent, or, if not indigent, whether
retained counsel has abandoned the appeal, and to make
appropriate findings and recommendations. (Emphasis
added).

 (3) Hearing. In accordance with (2), the trial court
must conduct any necessary hearings, make appropriate
findings and recommendations, and have a record of the
proceedings prepared, which record--including any order
and findings--must be sent to the appellate court. 

 (4) Appellate court action. Based on the trial court's
record, the appellate court may act appropriately to
ensure that the appellant's rights are protected,
including initiating contempt proceedings against
appellant's counsel. If the trial court has found that
the appellant no longer desires to prosecute the appeal,
or that the appellant is not indigent but has not made
the necessary arrangements for filing a brief, the
appellate court may consider the appeal without briefs,
as justice may require. 


 Upon remand, the trial court shall immediately cause notice of
a hearing to be given and, thereafter, conduct a hearing to
determine the following: 

 1. whether appellant still desires to prosecute the
appeal; 

 2. whether appellant is still indigent and entitled to
appointed counsel; 

 3. whether counsel for appellant has abandoned the
appeal; and 

 4. whether appellant has been denied effective
assistance of counsel given his attorney's failure to
file a brief. 

 

If the trial court finds that the appellant is still indigent, the
trial court shall take such measures as may be necessary to assure
effective representation of counsel, which may include the
appointment of new counsel. Accord Tex. R. App. P. 38.8(b) (2) &
(3). If the trial court appoints counsel for appellant, the judge
shall state the name, address, and state bar number of said counsel
in the court's findings. Moreover, the court shall further order
appellant's counsel or appointed counsel to file appellant's brief
no later than thirty (30) days after the date of the abatement
hearing. 

 Upon remand, the judge of the trial court shall immediately
cause notice to be given of, and shall conduct a hearing in
accordance with provisions of Rule 38.8(b), supra, to determine the
matters stated therein and enumerated above. After the hearing,
the trial court shall cause the preparation of a supplemental
clerk's record containing the court's findings of fact, conclusions
of law, and such orders as the court may make and sign. Then the
trial court shall cause the supplemental clerk's record and the
reporter's record made at the hearing to be submitted to this Court
not later than August 31, 1998.

 It is so ordered.

 Per Curiam


Do not publish. Tex. R. App. P. 44.4. 



 Herrera and Jose Bruno (the employees) appeal from a final summary
judgment dismissing “with prejudice” their claims against Eagle Pass Independent School
District (Eagle Pass or school district). Via two issues, the employees contend that the trial
court erred by granting both the traditional and no-evidence summary judgments on their
claims of retaliation. We reverse and remand in part and affirm in part.
          According to the record before us, the employees sued Eagle Pass for violating their
constitutional rights arising under §8 and §27 of article I of the Texas Constitution. The
purported rights at issue were those prohibiting the school district from retaliating against
them for filing a grievance. Eagle Pass moved for summary judgment. In attacking the §8
retaliation claim, it endeavored to show that the employees were not the victim of
retaliation. However, in attacking the §27 claim, it argued that they had not been denied
any right to remonstrance, to due process, or to petition the government. Yet, the
employees did not accuse Eagle Pass of denying them of any such §27 rights. More
importantly, Eagle Pass said nothing in its motion about the viability of the purported
retaliation claim. Nonetheless, the trial court granted summary judgment and dismissed
all the claims asserted by the employees against the school district. 
          It is beyond dispute that the motion for summary judgment must state the grounds
upon which the movant relies. Tex. R. Civ. P. 166a(c). Similarly indisputable is the rule
that a summary judgment cannot exceed the grounds or relief unmentioned in the motion. 
IBP, Inc. v. Klumpe, 101 S.W.3d 461, 468 (Tex. App.–Amarillo 2001, pet. denied). Therein
lies the problem here.
          The motion for summary judgment did not address the employees’ retaliation claim
founded on §27, article I of the Texas Constitution.


 Rather, Eagle Pass argued that the
employees were not denied any right to petition the government, which was not the
substance of their cause of action. Thus, the trial court could not adjudicate the §27
retaliation claim via summary judgment since the matter was not before it. 
          Consequently, we reverse that portion of the summary judgment dismissing “with
prejudice” the claim of retaliation founded upon §27, art. I of the Texas Constitution. The
remainder of the summary judgment is affirmed.
 
                                                                           Brian Quinn
                                                                          Chief Justice